**Dhanwattie KHAN, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–5172–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 19, 2006.

Michael P. DiRaimondo (Marialaina L. Masi, Mary Elizabeth Delli–Pizzi, of counsel), Melville, NY, for Petitioner.

M. Andrew Stover, Assistant United States Attorney (for Matthew D. Orwig,

United States Attorney for the Eastern District of Texas), Plano, TX, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Dhanwattie Khan, through counsel, petitions for review of an order by Board of Immigration Appeals ("BIA") Member Juan P. Osuna denying her motion to reopen based on the ineffective assistance of her prior counsel. *In re Dhanwattie Khan,* No. A 73–595–659 (BIA Aug. 30, 2004). We assume that the parties are familiar with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). The BIA abuses its discretion when it "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In its order denying Khan's motion, the BIA acknowledged that, although motions to reopen generally must be filed within 90 days of the final BIA order, this deadline can be tolled where an applicant was prejudiced by ineffective counsel. The BIA found, however, that Khan could not bene-

---

**1.** United States Attorney General Alberto R. Gonzales is substituted as Respondent. *See*

Fed. R. App. P. 43(c)(2).

fit from such tolling because she failed to establish that she exercised due diligence in pursuing her claim. We conclude that this finding was not an abuse of discretion, given Khan's failure to offer any account of the nearly three years that passed between the BIA's final decision on August 28, 2001, and Khan's filing of her motion on June 28, 2004. *See Cekic v. INS*, 435 F.3d 167, 171–72 (2d Cir.2006) (finding that two year delay in filing motion after petitioners discovered that their temporary protection had expired, with no explanation offered, supported BIA's denial for lack of due diligence).

On appeal Khan argues that because she clearly met the conditions for establishing ineffective assistance set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), the BIA was wrong to impose any additional requirement on her. Yet it may well be that the BIA did not set forth any diligence requirement in *Matter of Lozada* because the gap in time was only six months, not, as here, nearly three years, or because the BIA found Lozada's motion deficient for other reasons.[2] And the law in this Circuit since at least 2000 has been that, to benefit from equitable tolling of the 90–day deadline, a movant must establish that she pursued her rights with due diligence. *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000); *see also Cekic*, 435 F.3d at 170–71.

Surprisingly, Khan offers no account here, and none below, of how it is that she only discovered her counsel's incompetence three years after she lost her case.[3] Indeed, it appears likely that, as in *Cekic, id.* at 134, Khan was content to let the final order against her stand and eventually sought new counsel, not to remedy defects in her previous proceedings, but rather to pursue a new avenue of relief. Thus, Khan provides no basis for distinguishing *Iavorski* or *Cekic*.

We have considered Khan's remaining arguments on this appeal and find them to be without merit. For the foregoing reasons, we DENY Khan's petition for review and motion for a stay of removal.

---

2. Khan has also submitted a supplemental appendix of unpublished (and redacted) BIA decisions that, she argues, establish a BIA practice of granting motions to reopen wherever the movant satisfies the *Matter of Lozada* requirements. However, in only one of these—the November 23, 2004, decision—had any significant amount of time passed, by the time of the BIA's decision on the motion, since the BIA's initial decision. The November 23, 2004, order does not specify when the *motion* was filed, so it gives no indication of whether that motion was delayed; the order certainly does not refer to any untimeliness. Thus, none of the orders compiled in the supplemental appendix establish any practice, consistent or otherwise, of accepting motions to reopen at any point so long as they comply with *Matter of Lozada*.

3. Khan argues that, at the very least, the BIA should have remanded the issue of due diligence for factfinding. But, as set forth above, it is the movant's burden to show that she acted diligently and Khan failed even to allege as much.